IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALTUS GTS, Inc.**  )<br>  )<br>   **Plaintiff,**  )<br>  )<br> v.  )<br>  )<br> **ESP Receivables Management, LLC, and**  )<br> **William J. Newton**  )<br>  )<br>   **Defendants.**  ) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW, Altus GTS, Inc., ("Plaintiff" or "Altus") with its Complaint against ESP Receivables Management, LLC ("ESP"), and William J. Newton ("Newton") (collectively, "Defendants") and states as follows:

## I. THE PARTIES

1. Plaintiff Altus GTS, Inc., is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 2400 Veterans Boulevard, Suite 300, Kenner, Louisiana 70062.

2. Upon information and belief, Defendant ESP Receivables Management, LLC is a limited liability company organized under the laws of the State of Louisiana, with a principal place of business located at 399 Asbury Drive, Mandeville, Louisiana 70471. Defendant ESP may be served through its registered agent, William J. Newton, at 228 Garden Road, River Ridge, Louisiana 70123.

3. Upon information and belief, Defendant William J. Newton, an individual, is a citizen and resident of the State of Louisiana and may be personally served at 228 Garden Road, River Ridge, Louisiana 70123.

## II. NATURE OF ACTION

4. This is an action for copyright infringement arising under the Copyright Act of 1976 ("the Copyright Act"), as amended, 17 U.S.C. §§101, *et seq.*; and violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. §§ 51:1401 *et seq*.

## III. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1331, §1338(a), and §1338(b) as this action arises in part under the Copyright Act of 1976, as amended. This Court has supplemental jurisdiction over the claims that arise under Louisiana law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the copyright laws of the United States. Furthermore, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts, and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

6. Upon information and belief, this Court has general personal jurisdiction over Defendants because Defendants reside and conduct business within this District.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. §1400(a).

## IV.  FACTS

8.  On or before April 2002, certain software and related materials referred to as "Debtcon 2" were developed by Newton & Associates, Inc., for use in managing commercial collections matters for others (the "Software").

9.  The Software includes features which were intended to be uniquely suited to the management of commercial collections, and whose features were intended to provide a competitive advantage to users of the Software in the commercial collections industry.

10. Newton & Associates, Inc., licensed the Software to Ethan & Associates, Inc., pursuant to the "Software License Agreement for Debtcon 2" entered into on April 19, 2002 (the "License"), and attached hereto as Exhibit A.

11. Copyright protection was obtained for the Software entitled "Debtcon II" through the United States Copyright Office, as evidenced by Reg. No. TXu-1-169-170 on August 22, 2003, in the name of NSB Properties, LLC (the "Registration"), as reflected in the online records of the Copyright Office and attached hereto as Exhibit B.

12. On September 29, 2006, the Software and all associated copyrights was assigned from NSB Properties, LLC, and others to the assignee, Coface Collections North America, Inc., attached hereto as Exhibit C.

13. The License contains language in Paragraph 11 that prohibits any transfer by the Licensee, except under certain conditions, specifically:

> "LICENSEE may sell this copy and all its rights in the Software to a third party, provided a) LICENSEE does not retain any copies of Software or its associated User Manual; b) LICENSEE notified VENDOR in writing of the transfer; and c) the transferee executes VENDOR's then current Software License Agreement. Any attempt by LICENSEE to transfer its License to use Software except as provided herein shall immediately terminate the License granted by this Agreement."

14. The Licensee, Ethan & Associates, Inc., through its counsel, Mr. Michael L. Fantaci, sent a letter dated October 1, 2013, notifying Coface North America, Inc., that it "is transferring all of its right, title, and interest to the License Agreement to ESP Receivables Management, LLC", and requested a new license agreement for the Software for execution by ESP, a copy of which is attached hereto as <u>Exhibit D</u>.

15. Coface North America, Inc., did not respond to the letter, in part because it could not act for the actual successor-in-interest to the Software, namely Coface Collections North America, Inc. ("Coface").

16. Despite the failure by Ethan & Associates, Inc., to satisfy all of the conditions of the License for any such transfer, and despite the failure by ESP to obtain the permission of Coface to possess, use, or copy the Software, a purported transfer was still attempted by an "Asset Purchase and Sale Agreement" between Ethan & Associates, Inc., and ESP, with an effective date of October 1, 2013, attached hereto as <u>Exhibit E</u>.

17. On April 21, 2014, Coface Collections North America, Inc., changed its name to Altus GTS, Inc., as reflected in the online records of the Louisiana Secretary of State attached hereto as <u>Exhibit F</u>.

18. ESP, at all times relevant to this action, remains unauthorized to possess, use, or copy the Software, because the Plaintiff has no agreement with ESP and has never granted such permission to ESP.

19. The Registration is valid and subsisting, and remains in full force and effect as evidence of the validity thereof and of Plaintiff's exclusive right to own, use, and control the underlying works, including the Software.

20.   On information and belief, since at least 2013, ESP, at the direction of Defendant Newton, has copied and has retained at least one unauthorized copy of the Software, without the permission of Altus.

21.   On information and belief, since at least 2013, ESP, at the direction of Defendant Newton, has used and continues to use the Software in its commercial collections business, knowingly availing itself of features in the Software which make it more competitive with Altus.

22.   At the present time, Plaintiff's services and Defendants' services are in competition with each other.

23.   Plaintiff has been seriously damaged by Defendants' activities complained of herein, and unless such activities are preliminarily and permanently enjoined, Plaintiff will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated or compensated in money damages.

### V.   CAUSES OF ACTION

### COUNT I

### COPYRIGHT INFRINGEMENT UNDER FEDERAL LAW

24.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

25.   Plaintiff is the owner of all copyrights in the Software.

26.   By copying, possession, and use of the Software without authorization from Altus, Defendants have unlawfully infringed on Altus' copyrighted works in violation 17 U.S.C. §106.

27.   Defendants have willfully engaged in the acts complained of without the express or implied permission of Altus.

28.     Pursuant to 17 U.S.C. §504, Altus requests that this Court award it the maximum statutory damages or the actual damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of the acts of infringement alleged herein, together with its attorney fees and costs.

## COUNT II

### LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW VIOLATIONS

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.     Defendants' actions and/or omissions constitute unfair and/or deceptive practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401 *et seq*.

31.     Defendants' acts of unauthorized use and copying of the Software are unethical, oppressive, deceptive, unscrupulous, or substantially injurious to Altus.

32.     Plaintiff has suffered ascertainable loss as a result of Defendants' unfair and deceptive acts.

33.     Defendants' acts are and were willful and knowing, thus entitling Plaintiff to all available remedies pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1409, including but not limited to injunctive relief; Plaintiff's damages; Defendants' profits; treble damages, attorneys' fees; costs; pre-judgment interest, post-judgment interest; and other equitable relief.

## VI.     JURY DEMAND

34.     Plaintiff requests a trial by jury on all counts.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That judgment be entered in favor of Plaintiff against Defendants as to each of the above Counts;

B.     That Defendants, their officers, agents, servants, employees, and attorneys, be forthwith temporarily and permanently restrained from possessing, copying, and using the Software.

C.     That Plaintiff be awarded a judgment against Defendants for maximum statutory damages or the actual damages that Altus has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of their acts of copyright infringement and unfair trade practices.

D.     That Plaintiff be awarded a judgment against Defendants for reasonable attorney fees, litigation expenses, costs, pre-judgment interest, post-judgment interest, and other equitable relief; and

E.     That Plaintiff be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Warner J. Delaune
Warner J. Delaune (LA 20780)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
450 Laurel Street
Chase North Tower, Floor 20
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7000
Facsimile: (225) 382-0232
Email: wdelaune@bakerdonelson.com